## Cain v. Jones et al.
### (Decided June 23, 1936.)

R. L. POPE for appellant.

L. G. CAMPBELL, R. S. ROSE and G. W. HATFIELD for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Appellant sought judgment against G. W. Jones upon a $750 note with interest from March 21, 1931. He pleaded non est factum, and, the jury having found for him, she appeals.

For reversal appellant urges the verification of the plea of non est factum is defective. We need not pass on that for it was not raised in the trial court, hence it was waived. Mutual Oil Refining Co. v. Clay, 206 Ky. 371, 267 S. W. 200.

### The Verdict and the Evidence.

Appellant urges this verdict is not supported by the evidence, but this is simply a case of what evidence is to be believed. There was enough evidence pro and con on the issue to have supported a verdict for either party and we cannot disturb a verdict returned under such circumstances.

### Instructions.

Appellant urges no instructions were given and none appear in the record. In such a case, we must presume the trial was regularly conducted and proper instructions were given. An appellant must make positive showing of error in the record if reversal is

sought. If no instructions were given, that fact should have been set out in the bill of exceptions.

### Newly Discovered Evidence.

The appellant filed the affidavit of Logan Perkins in which he swears that G. W. Jones signed this note in his presence, and she made this one of her grounds for a new trial, but so far as this record discloses she may have known that before the trial. Jones filed his plea of non est factum on December 12, 1934, and this trial was had on April 16, 1935. She had more than four months to prepare and it is perfectly natural the first person she would ask in her search for evidence, that Jones actually signed this note, is Logan Perkins, the other and principal maker on the note. She showed no sort of diligence and has filed no affidavit attempting to show diligence which is fatal. Bronson v. Green, 63 Ky. (2 Duv.) 234.

Judgment affirmed.